UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARC STEVEN BARNES**<br>2700 28th Street, N.W.<br>Washington, DC 20008<br><br>　　　　Plaintiff,<br><br>v.<br><br>**OCWEN LOAN SERVICING, LLC**<br>1661 Worthington Road<br>Suite 100<br>West Palm Beach, FL 33409<br><br>　　　　Defendant. | )<br>)<br>)<br>)　Civil Action No.: 1:17-cv-649<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1441 and 1331, Defendant, Ocwen Loan Servicing, LLC ("Ocwen"), by its counsel, Stradley Ronon Stevens & Young, LLP, hereby remove the above-captioned civil action, and all claims and causes of actions therein, from the Superior Court of the District of Columbia, Civil Division, Small Claims and Conciliation Branch to the United States District Court for the District of Columbia. In support thereof, Ocwen states as follows:

### I.   Background

1. On February 28, 2017, Plaintiff, Marc Barnes, *pro se*, commenced the underlying action, captioned Marc Steven Barnes v. Ocwen Loan Servicing, LLC, Case No.: 2017 SC3 001183 (the "Superior Court Action") by filing a Statement of Claim in the Superior Court of the District of Columbia, Civil Division, Small Claims and Conciliation Branch.

2. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Statement of Claim (which includes a Notice), is attached hereto as <u>Exhibit</u> A, a true and correct copy of the

Information Sheet, is attached hereto as <u>Exhibit</u> B, a true and correct copy of Plaintiff's Praecipe for Jury Trial, is attached hereto as <u>Exhibit</u> C, respectfully. No other process, pleadings, or orders have been served on Ocwen in the Superior Court Action.

3. Plaintiff contends that the Statement of Claim (which includes a Notice) in the Superior Court Action was served on Ocwen as of March 15, 2017. <u>See</u> <u>Exhibit</u> D.

4. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is therefore timely filed within thirty (30) days from service of the Statement of Claim on Ocwen. <u>See</u> <u>Exhibit</u> D.

5. This Court is the United States District Court for the district within which the Superior Court Action is pending. This action, therefore, is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

6. This action is removable to the instant Court because it originally could have been filed in this Court pursuant to 28 U.S.C. §1441(a) as there exists a federal question based on Plaintiff's Statement of Claim in the Superior Court Action. Specifically, Plaintiff's Statement of Claim asserts a cause of action for alleged violations of the Truth in Lending Act ("TILA") – 15 U.S.C. § 1640.

7. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be filed with the Clerk for the Superior Court of the District of Columbia and served on the Plaintiff. A true and correct copy of the Notice of Filing of Notice of Removal (without exhibits) is attached hereto as <u>Exhibit</u> E.

8. No previous request has been made for removal.

**II.    Federal Question**

9. Removal of Plaintiff's Superior Court Actions is proper because the allegations contained therein involve a federal question.

10. Pursuant to 28 U.S.C. § 1331, the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

11. For a suit to be one that arises under the laws of the United States, so as to confer original or removal jurisdiction on the federal courts, it must appear on the face of the complaint that resolution of the case depends upon a federal question. See Pan American Petroleum Corp. v. Superior Court, 366 U.S. 656 (1961).

12. Federal law includes an act of Congress or a regulation issued under an act of Congress. See Verizon Md. Inc. v. Public Serv. Comm'n of Md., 535 U.S. 635, 643 (2002).

13. Here, Plaintiff's Statement of Claim asserts a cause of action for alleged violations of the TILA – 15 U.S.C. §§ 1640 and 1681s-2.

14. Specifically, Plaintiff alleges:

> I have made numerous inquiries to Ocwen Loan Servicing through TransUnion, and Experian (10/13/2013, 9/12/2015 etc.) in the District of Columbia to dispute inaccurate Ocwen information on my credit report. It has taken multiple inquires and years to correct or remove the false data. The negative false statements should have been removed years ago as the Ocwen accounts in question were included in my Chapter 11 bankruptcy in 2010. I have been denied credit funding and charged excessive fees and rates. I seek to recoup a minimum of $10,000 from Ocwen for credit denied and fees charged.

15. In respect to jurisdiction, 15 U.S.C. § 1640(e) states in relevant part…"any action under this section may be brought in any United States district court."

16. 15 U.S.C. § 1681s-2(a)(1) states:

> (a) Duty of furnishers of information to provide accurate information
> (1) Prohibition
>     (A) Reporting information with actual knowledge of errors
>     A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.
>
>     (B) Reporting information after notice and confirmation of errors

> A person shall not furnish information relating to a consumer to any consumer reporting agency if—
> (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and
> (ii) the information is, in fact, inaccurate.

17. As mentioned above, here, Plaintiff's Statement of Claim asserts a cause of action for alleged violations of the TILA – 15 U.S.C. §§ 1640 and 1681s-2 – this confers removal jurisdiction on the federal courts.

18. Thus, as this matter involves a federal question, removal to this Court is proper.

## CONCLUSION

**WHEREFORE,** Defendant, Ocwen Loan Servicing, LLC, respectfully requests to remove this action from the Superior Court of the District of Columbia, Civil Division, Small Claims and Conciliation Branch to the United States District Court for the District of Columbia.

Dated: April 12, 2017                                          Respectfully submitted,

By: /s/ Simran Rahi
Simran Rahi (DC Bar No.: 1024606)
Stradley Ronon Stevens & Young, LLP
1250 Connecticut Ave., N.W., Suite 500
Washington, D.C. 20036
Tel.: (202) 507-5150
Fax: (202) 822-0140
srahi@stradley.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2017, the foregoing Notice of Removal and accompanying exhibits was filed and served using the CM/ECF system and served via First Class U.S. Mail, postage pre-paid, upon the following:

**MARC STEVEN BARNES**
2700 28th Street, N.W.
Washington, DC 20008
*Pro se*

　　　　　　　　　　　　　　　　/s/ Simran Rahi
　　　　　　　　　　　　　　　　Simran Rahi